UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Brent Watkins, <br><br> Plaintiff, <br> v. <br><br> Hyundai Capital America d/b/a Hyundai Motor Finance; and Experian Information Solutions, Inc.;, <br><br> Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Brent Watkins, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA"), the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA") and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq. ("MDCR").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Brent Watkins ("Plaintiff"), is an adult individual residing in Lynn, Massachusetts, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and is a "debtor" as defined by 940 CMR § 7.03.

4. Defendant Hyundai Capital America d/b/a Hyundai Motor Finance ("Hyundai") is a Texas business entity with an address of,802 Highway 80 East, Mesquite, Texas 75149, and is

a "creditor" as defined by 940 CMR § 7.03.

5.  Defendant Experian Information Solutions, Inc. ("Experian"), is a California business entity with an address of 475 Anton Boulevard, Costa Mesa, California 92626, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA.  Experian is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6.  Plaintiff allegedly incurred a financial obligation (the "Debt") to Hyundai.

7.  The Debt arose from services provided by the Hyundai which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

8.  Hyundai attempted to collect the Debt and, as such, engaged in "communications" as defined in 940 CMR § 7.03.

**B. Defendants Engage in Harassment and Abusive Tactics**

9.  In November 2020, Plaintiff settled the Debt with Hyundai.

10. By letter dated November 20, 2020, Hyundai informed Plaintiff that the account had been paid in full and closed.

11. Thereafter, Plaintiff noticed that the Debt was still being reported as open and due by Experian.

12. Plaintiff disputed the Debt with Experian and provided Experian with the letter from Hyundai stating that the Debt had been paid in full.

13.    Nevertheless, Defendants continue to report the Debt on Plaintiff's credit report as due and owing.

14.    Upon Plaintiff's notification that the Debt was disputed and request that it be removed, and in accordance with their standard procedures, Plaintiff believes and thereon alleges that Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any attempt to substantially or reasonable verify Hyundai's representations regarding the Debt.

15.    In the alternative, in the event that Experian did forward notice of the dispute to Hyundai, Hyundai failed to conduct an adequate investigation into Plaintiff's dispute and failed to properly update Plaintiff's credit report.

C.    **Plaintiff Suffered Actual Damages**

16.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681,** *et seq***. - AS TO ALL DEFENDANTS**

18.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a.  Experian violated 15 U.S.C. § 1681e(b) by failing to implement and/or

       follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports;

    b. Experian violated 15 U.S.C. § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to Hyundai by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable; and

    c. Hyundai violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by Experian pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

20. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

21. As a result of Defendants' conduct, action, and inaction, Plaintiff incurred actual damages in the form of loss of the ability to purchase and benefit from credit.

22. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq and MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00 et seq – AS TO HYUNDAI ONLY**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

25. The Defendant knowingly made false or misleading representation in any communication as to the character, extent or amount of the debt, or as to its status in any legal proceeding, in violation of 940 CMR § 7.07(2).

26. The Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and 940 CMR § 7.00 et seq. and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681;

2. Attorney's fees and costs pursuant to 15 U.S.C. § 1681;

3. Actual damages pursuant to 15 U.S.C. § 1681;

4. Punitive damages pursuant to 15 U.S.C. § 1681;

5. Equitable relief pursuant to M.G.L. c. 93A § 9(1);

6. Cost of litigation and reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

7. Actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent MCPA and MDCR violations in an amount to be determined at trial for the Plaintiff

8. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3); and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 13, 2021

Respectfully submitted,

By: */s/ Sergei Lemberg*

Sergei Lemberg (BBO#650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff